EXHIBIT 6

RECEIVED

MAY 14 2009

STAFFORD FREY COOPER

THE HONORABLE JAMES L. ROBART

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **BRENDAN DUNN,  RYAN TOMPKINS,** | ) NO. 2:08-cv-00978JLR |
| **and RYAN TOMPKINS,** | ) **PLAINTIFF RYAN TOMPKINS'S** |
| | ) **RESPONSES TO SET ONE OF** |
| **Plaintiffs,** | ) **DISCOVERY REQUESTS  FROM** |
| | ) **DEFENDANT CITY OF SEATTLE** |
| **v.** | ) |
| | ) |
| **MATTHEW HYRA, CITY OF** | ) |
| **SEATTLE (SPD), et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

PROPOUNDING PARTY: DEFENDANT MARTIN

 RESPONDING PARTY: PLAINTIFF RYAN TOMPKINS

SET NO.: 1

    **COMES NOW** PLAINTIFF RYAN TOMPKINS, IN THE ABOVE-NAMED

ACTION, THROUGH HIS ATTORNEY LAWRENCE A. HILDES, AND, RESPONDS

TO DEFENDANT MARTIN'S SET ONE OF DISCOVERY REQUESTS AS FOLLOWS:

    Plaintiffs object to the extent that Defendants have exceeded the limits for this

type of discovery, or have used subparts and definitions to facilitate exceeding the

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1

1   limits by propounding the extreme number of 84 Requests for Admissions of this

2   Plaintiff and even far more extreme numbers as to the other Plaintiffs and by piling

3   massive and ridiculous numbers of sets of discovery requests and requests within

4   those sets in order to render it impossible for Plaintiffs to fully respond .

5           Plaintiffs object to Defendants' use of discovery to vex, annoy, and abuse the

6   legal process rather than for legitimate discovery purposes.  Here, Defendants ask

7   questions where the answers are either already contained in the document or require

8   legal conclusions that themselves require advanced legal training.  In many of these

9   sets, Defendants have propounded interrogatories that included extensive subparts,

10  totaling over the limit for interrogatories.

11          Finally, Plaintiffs object to counsel for Defendants deliberate propounding of

12  these discovery requests while counsel for Plaintiffs was on vacation and during a

13  period that counsel had filed a notice of unavailability for and then refusing to agree to

14  an extension of time specifically to respond to these RFAs despite direct knowledge

15  that counsel for Plaintiffs was away for several days of the period involved.

16          Discovery is ongoing, and Plaintiffs reserve the right to correct, amend,

17  supplement or change their answers to this set of discovery as further information is

18  revealed during the course of discovery.

19

20          **RESPONSES TO DISCOVERY REQUESTS**
21          **SET ONE OF DISCOVERY REQUESTS**

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests            2
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1                    **V.   INTERROGATORIES**

2   1.      Identify every person who participated in answering any of these interrogatories and/or

3   requests for production, designating the interrogatory(ies) and/or request(s) for production in

4   which he or she participated in answering.

5   **ANSWER:** My attorney, Lawrence A. Hildes.

6   2.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

7   to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

8   not limited to: (a) The right not to be deprived of liberty without due process of law�" As to

9   each defendant, state every fact that supports, negates, or relates to this allegation as it relates to

10   each such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each

11   person and document that you believe has information that assists in establishing each such

12   fact.

13   **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 9

14   interrogatories, which combined with the other interrogatories far exceeds the limit as

15   to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

16   answers as follows: Defendant Martin advised Defendant Hyra to proceed in accosting

17   Plaintiffs without cause or justification, simply because of their perceived political

18   ideology and affiliations.  He and Defendant Towne directed Hyra, Bale, and the other

19   named Defendant Officers in carrying out their illegal and tortious conduct, and then

20   lied about his observations and signed off on statements that he knew to be false as

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests       3
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1   to the supposed conduct of Plaintiffs and the , directly leading the to harm that

2   occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing they

3   were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact that

4   there was no lawful activity by Hyra and the other defendants to obstruct, and forward

5   that charge to the prosecutor, knowing that Plaintiff Dunn had not assaulted Hyra or

6   anyone else.  Thus Plaintiff TOMPKINS was held at the police station and the jail,

7   without his rights being respected or followed.

8   3.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

9   to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

10  not limited to:�(b)) The right to be free from invasion or interference with Plaintiffs' zone of

11  privacy�"  As to each defendant, state every fact that supports, negates, or relates to this

12  allegation as it relates to each such defendant's acts or omissions vis-à-vis Plaintiff

13  TOMPKINS, identifying each person and document that you believe has information that

14  assists in establishing each such fact.

15  **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 9

16  interrogatories, which combined with the other interrogatories far exceeds the limit as

17  to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

18  answers as follows: Defendant Martin advised Defendant Hyra to proceed in accosting

19  Plaintiffs without cause or justification, simply because of their perceived political

20  ideology and affiliations.  He and Defendant Towne directed Hyra, Bale, and the other

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          4
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    named Defendant Officers in carrying out their illegal and tortious conduct, and then

2    lied about his observations and signed off on statements that he knew to be false as

3    to the supposed conduct of Plaintiffs, directly leading the to harm that occurred to

4    Plaintiffs; in addition, Martin then signed off on the reports, knowing they were false,

5    and made the decision to hold Plaintiff TOMPKINS, despite the fact that there was no

6    lawful activity by Hyra and the other defendants to obstruct, and forward that charge to

7    the prosecutor, knowing that Plaintiff TOMPKINS had not interfered with any lawful

8    actions by Defendant Hyra or anyone else.  Thus Plaintiff TOMPKINS was held at the

9    police station and the jail, without his rights being respected or followed.

10        Plaintiff TOMPKINS, was violently seized by, among other officers, Sgt. Martin,

11   who used that force, unjustified, as TOMPKINS had violated no law and was merely

12   seeking to take a picture of Hyra's illegal conduct when Hyra rode into him, injured him

13   and then grabbed him, to arrest him and drag him away all of this violating Plaintiff's

14   zone of privacy.

15

16   4.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

17   to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

18   not limited to:�(c) The right to equal protection of the law�"  As to each defendant, state

19   every fact that supports, negates, or relates to this allegation as it relates to each such

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          5
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1   defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each person and

2   document that you believe has information that assists in establishing each such fact.

3   **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

4   proceed in accosting Plaintiffs without cause or justification, simply because of their

5   perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

6   Bale, and the other named Defendant Officers in carrying out their illegal and tortious

7   conduct, and then lied about his observations and signed off on statements that he

8   knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

9   that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

10  they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

11  that there was no lawful activity by Hyra and the other defendants to obstruct, and

12  forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

13  interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

14  TOMPKINS was held at the police station and the jail, without his rights being

15  respected or followed.

16          Defendant Martin participated in the arrest of Plaintiff TOMPKINS knowing that

17  Plaintiff TOMPKINS had not interfered with any lawful actions by  Defendant Hyra or

18  anyone else.  Plaintiffs were singled out for discriminatory law enforcement, not based

19  on any criminal activity, which they committed none of, but based on their perceived

20  political views and affiliations, violating their First Amendment Rights to Freedom of

21  Speech and Association.

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          6
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1

2    5.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

3    to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

4    not limited to:�(d) The riight to be free from unreasonable search and seizure��"  As to

5    each defendant, state every fact that supports, negates, or relates to this allegation as it relates to

6    each such defendant's acts or omissions vis-à-vis Plaintiff  TOMPKINS, identifying each

7    person and document that you believe has information that assists in establishing each such

8    fact.

9    **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

10    proceed in accosting Plaintiffs without cause or justification, simply because of their

11    perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

12    Bale, and the other named Defendant Officers in carrying out their illegal and tortious

13    conduct, and then lied about his observations and signed off on statements that he

14    knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

15    that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

16    they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

17    that there was no lawful activity by Hyra and the other defendants to obstruct, and

18    forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

19    interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests       7
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1  TOMPKINS was held at the police station and the jail, without his rights being

2  respected or followed.

3        Plaintiff TOMPKINS, was violently seized by, among other officers, Sgt. Martin,

4  who used that force, unjustified, as TOMPKINS had violated no law and was merely

5  seeking to take a picture of Hyra's illegal conduct when Hyra rode into him, injured him

6  and then grabbed him, to arrest him and drag him away all of this violating Plaintiff's

7  zone of privacy.

8

9  6.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

10  to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

11  not limited to:◆(e) TThe right to be free from police use of excessive force…" As to each

12  defendant, state every fact that supports, negates, or relates to this allegation as it relates to each

13  such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each person and

14  document that you believe has information that assists in establishing each such fact.

15  **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

16  proceed in accosting Plaintiffs without cause or justification, simply because of their

17  perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

18  Bale, and the other named Defendant Officers in carrying out their illegal and tortious

19  conduct, and then lied about his observations and signed off on statements that he

20  knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests                8
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

2    they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

3    that there was no lawful activity by Hyra and the other defendants to obstruct, and

4    forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

5    interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

6    TOMPKINS was held at the police station and the jail, without his rights being

7    respected or followed.

8         Plaintiff TOMPKINS, was violently seized by, among other officers, Sgt. Martin,

9    who used that force, unjustified, as TOMPKINS had violated no law and was merely

10   seeking to take a picture of Hyra's illegal conduct when Hyra rode into him, injured him

11   and then grabbed him, to arrest him and drag him away.

12

13   7.    In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

14   to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

15   not limited to:�(f) The right to be free from discriminatory law enforcement�"  As to each

16   defendant, state every fact that supports, negates, or relates to this allegation as it relates to each

17   such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each person and

18   document that you believe has information that assists in establishing each such fact.

19   **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

20   proceed in accosting Plaintiffs without cause or justification, simply because of their

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

9

1    perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

2    Bale, and the other named Defendant Officers in carrying out their illegal and tortious

3    conduct, and then lied about his observations and signed off on statements that he

4    knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

5    that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

6    they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

7    that there was no lawful activity by Hyra and the other defendants to obstruct, and

8    forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

9    interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

10   TOMPKINS was held at the police station and the jail, without his rights being

11   respected or followed.

12          Defendant Martin participated in the arrest of Plaintiff TOMPKINS knowing that

13   Plaintiff TOMPKINS had not interfered with any lawful actions by  Defendant Hyra or

14   anyone else.  Plaintiffs were singled out for discriminatory law enforcement, not based

15   on any criminal activity, which they committed none of, but based on their perceived

16   political views and affiliations, violating their First Amendment Rights to Freedom of

17   Speech and Association.

18

19   8.      In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

20   to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          10
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    not limited to: �(g) The right to be free from cruel and unusual punishment…" As to each

2    defendant, state every fact that supports, negates, or relates to this allegation as it relates to each

3    such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each person and

4    document that you believe has information that assists in establishing each such fact.

5         **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant

6    Hyra to proceed in accosting Plaintiffs without cause or justification, simply because of

7    their perceived political ideology and affiliations.  He and Defendant Towne directed

8    Hyra, Bale, and the other named Defendant Officers in carrying out their illegal and

9    tortious conduct, and then lied about his observations and signed off on statements

10   that he knew to be false as to the supposed conduct of Plaintiffs, directly leading the

11   to harm that occurred to Plaintiffs; in addition, Martin then signed off on the reports,

12   knowing they were false, and made the decision to hold Plaintiff TOMPKINS, despite

13   the fact that there was no lawful activity by Hyra and the other defendants to obstruct,

14   and forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

15   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

16   TOMPKINS was held at the police station and the jail, without his rights being

17   respected or followed.

18        Defendant Martin participated in the arrest of Plaintiff TOMPKINS knowing that

19   Plaintiff TOMPKINS had not interfered with any lawful actions by Defendant Hyra or

20   anyone else.  Plaintiffs were singled out for discriminatory law enforcement, not based

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

11

1  on any criminal activity, which they committed none of, but based on their perceived

2  political views and affiliations, violating their First Amendment Rights to Freedom of

3  Speech and Association.

4      This constituted an act by Defendants to inflict punishment on Plaintiffs without

5  benefit of a trial, or any adjudication, despite clear knowledge that Plaintiff had

6  violated no law.  Because of the extremity of Defendants' actions and the lack of

7  wrong-doing on the part of Plaintiffs, Martin's activity and that of the other Defendants

8  constitutes cruel and unusual punishment.

9  9.    In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

10  to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

11  not limited to:…(h) The Rights to participate in a peaceful and lawful First Amendment

12  exercise, to Freely Express his political views, to Petition the Government for Redress of

13  Grievances, to Freely Associate with and Assemble with others to do so without fear of

14  wrongful arrest for doing so�"  As to each defendant, state every fact that supports, negates, or

15  relates to this allegation as it relates to each such defendant's acts or omissions vis-à-vis

16  Plaintiff  TOMPKINS, identifying each person and document that you believe has information

17  that assists in establishing each such fact.

18  **ANSWER** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

19  proceed in accosting Plaintiffs without cause or justification, simply because of their

20  perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

12

1   Bale, and the other named Defendant Officers in carrying out their illegal and tortious

2   conduct, and then lied about his observations and signed off on statements that he

3   knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

4   that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

5   they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

6   that there was no lawful activity by Hyra and the other defendants to obstruct, and

7   forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

8   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

9   TOMPKINS was held at the police station and the jail, without his rights being

10  respected or followed.

11          Plaintiffs were singled out for discriminatory law enforcement, not based on

12  any criminal activity, which they committed none of, but based on their perceived

13  political views and affiliations, violating their First Amendment Rights to Freedom of

14  Speech and Association.  This prevented Plaintiffs from participated in the planned

15  and permitted march, wherein they would be able to carry out their First Amendment

16  rights to free speech, expression, and to petition the government for redress of

17  grievances, because the involved officers did not like their perceived politics and the

18  symbols related thereto,

19

20  10.     In Paragraph 4.2 of the Complaint you state, "Defendants acted under color of state law

21  to deprive Plaintiffs as alleged herein, of certain constitutionally protected rights including, but

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

13

1    not limited to:�(i) The riight to be free from False Arrest, False Imprisonment, and Malicious

2    Prosecution, all in violation of [Plaintiffs'] Fourth and Fifth Amendment Rights." As to each

3    defendant, state every fact that supports, negates, or relates to this allegation as it relates to each

4    such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying each person and

5    document that you believe has information that assists in establishing each such fact.

6    **ANSWER:** See responses to Interrogatories 1-9 as to Sgt, Martin.  In addition, by

7    writing, signing off on and sending false reports as to activities that Plaintiff had not

8    engaged in, Sgt. Martin caused Plaintiff TOMPKINS to be prosecuted, despite his

9    having committed no crime, terminated months later when the court dismissed for lack

10   of probable cause.

11   11.      In Paragraph 4.3 of the Complaint you state, "Defendants acted by provocative conduct

12   �." As to each defendant, state every fact that supports, negates, or relates to this allegation as

13   it relates to each such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying

14   each person and document that you believe has information that assists in establishing each

15   such fact.

16   **ANSWER:** See responses to Interrogatories 1-10.  All of this conduct was designed to

17   provoke a response to justify the arrests, when it didn't do so, they arrested Plaintiffs

18   anyway.

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          14
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    12.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] conversion of

2    lawful property �." As to each defendant, state every fact that supports, negates, or relates to

3    this allegation as it relates to each such defendant's acts or omissions vis-à-vis Plaintiff

4    TOMPKINS, identifying each person and document that you believe has information that

5    assists in establishing each such fact.

6    **ANSWER:  Plaintiff was lawfully possessed a flag that belonged to Plaintiff Dunn, a**

7    **First Amendment protected symbol.  Martin acted to justify and enforce Hyra's illegal**

8    **conversion of that flag, which continues to this day.**

9    13.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] verbal threat and

10   intimidation �." As to each defendant, state every fact that supports, negates, or relates to this

11   allegation as it relates to each such defendant's acts or omissions vis-à-vis Plaintiff

12   TOMPKINS, identifying each person and document that you believe has information that

13   assists in establishing each such fact.

14   **ANSWER:  See responses to Interrogatory 1-12.**

15   14.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] use of force

16   �."<� �  As to each defendant, state every fact that supports, negates, or relates to this

17   allegation as it relates to each such defendant's acts or omissions vis-à-vis Plaintiff

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

15

1    TOMPKINS, identifying each person and document that you believe has information that

2    assists in establishing each such fact.

3    **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant Hyra to

4    proceed in accosting Plaintiffs without cause or justification, simply because of their

5    perceived political ideology and affiliations.  He and Defendant Towne directed Hyra,

6    Bale, and the other named Defendant Officers in carrying out their illegal and tortious

7    conduct, and then lied about his observations and signed off on statements that he

8    knew to be false as to the supposed conduct of Plaintiffs, directly leading the to harm

9    that occurred to Plaintiffs; in addition, Martin then signed off on the reports, knowing

10   they were false, and made the decision to hold Plaintiff TOMPKINS, despite the fact

11   that there was no lawful activity by Hyra and the other defendants to obstruct, and

12   forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

13   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

14   TOMPKINS was held at the police station and the jail, without his rights being

15   respected or followed.

16   Plaintiff TOMPKINS, was violently seized by, among other officers, Sgt. Martin, who

17   used that force, unjustified as TOMPKINS  had violated no law, to arrest him and drag

18   him away.

19

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          16
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    15.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] unjustified arrest

2    �." As to each defendant, state every fact that supports, negates, or relates to this allegation as

3    it relates to each such defendant's acts or omissions vis-à-vis Plaintiff TOMPKINS, identifying

4    each person and document that you believe has information that assists in establishing each

5    such fact.

6    **ANSWER:** See responses to Interrogatories 1-14

7    16.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] false

8    imprisonment �."&nbssp; As to each defendant, state every fact that supports, negates, or

9    relates to this allegation as it relates to each such defendant's acts or omissions vis-à-vis

10    Plaintiff TOMPKINS, identifying each person and document that you believe has information

11    that assists in establishing each such fact.

12    **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 9

13    interrogatories, which combined with the other interrogatories far exceeds the limit as

14    to interrogatories. Plaintiff will, therefore, answer as to this Defendant alone. Plaintiff

15    answers as follows Plaintiff answers as follows: Defendant Martin advised Defendant

16    Hyra to proceed in accosting Plaintiffs without cause or justification, simply because of

17    their perceived political ideology and affiliations. He and Defendant Towne directed

18    Hyra, Bale, and the other named Defendant Officers in carrying out their illegal and

19    tortious conduct, and then lied about his observations and signed off on statements

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

17

1   that he knew to be false as to the supposed conduct of Plaintiffs, directly leading the

2   to harm that occurred to Plaintiffs; in addition, Martin then signed off on the reports,

3   knowing they were false, and made the decision to hold Plaintiff TOMPKINS, despite

4   the fact that there was no lawful activity by Hyra and the other defendants to obstruct,

5   and forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

6   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

7   TOMPKINS was held at the police station and the jail, without his rights being

8   respected or followed.

9     Plaintiff TOMPKINS, was violently seized by, among other officers, Sgt. Martin, who

10   used that force, unjustified as TOMPKINS  had violated no law, to arrest him and drag

11   him away.

12

13

14   17.     In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] ratifying

15   personally tthe above listed conducts �."  As to each defendant, state every fact that supports,

16   negates, or relates to this allegation as it relates to each such defendant's acts or omissions vis-

17   à-vis Plaintiff  TOMPKINS, identifying each person and document that you believe has

18   information that assists in establishing each such fact.

19   **ANSWER:**  SEE REPOSNES TO INTERROGATORIES 1-16.

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          18
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    18.    In Paragraph 4.3 of the Complaint you state, "Defendants acted by [�] cruel and

2    unusuual punishment �."&nbssp;  As to each defendant, state every fact that supports, negates,

3    or relates to this allegation as it relates to each such defendant's acts or omissions vis-à-vis

4    Plaintiff TOMPKINS, identifying each person and document that you believe has information

5    that assists in establishing each such fact.

6        **ANSWER:**  Plaintiff answers as follows: Defendant Martin advised Defendant

7    Hyra to proceed in accosting Plaintiffs without cause or justification, simply because of

8    their perceived political ideology and affiliations.  He and Defendant Towne directed

9    Hyra, Bale, and the other named Defendant Officers in carrying out their illegal and

10   tortious conduct, and then lied about his observations and signed off on statements

11   that he knew to be false as to the supposed conduct of Plaintiffs, directly leading the

12   to harm that occurred to Plaintiffs; in addition, Martin then signed off on the reports,

13   knowing they were false, and made the decision to hold Plaintiff TOMPKINS, despite

14   the fact that there was no lawful activity by Hyra and the other defendants to obstruct,

15   and forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

16   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

17   TOMPKINS was held at the police station and the jail, without his rights being

18   respected or followed.

19       Defendant Martin participated in the arrest of Plaintiff TOMPKINS knowing that

20   Plaintiff TOMPKINS had not interfered with any lawful actions by Defendant Hyra or

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

19

1    anyone else.  Plaintiffs were singled out for discriminatory law enforcement, not based

2    on any criminal activity, which they committed none of, but based on their perceived

3    political views and affiliations, violating their First Amendment Rights to Freedom of

4    Speech and Association.

5        This constituted an act by Defendants to inflict punishment on Plaintiffs without

6    benefit of a trial, or any adjudication, despite clear knowledge that Plaintiff had

7    violated no law.  Because of the extremity of Defendants' actions and the lack of

8    wrong-doing on the part of Plaintiffs, Martin's activity and that of the other Defendants

9    constitutes cruel and unusual punishment.

10

11   19.    In Paragraph 4.4 of the Complaint you state, "[b]y knowingly providing false

12   information to the prosecutors to ensure that Plaintiffs were prosecuted�."  AAs to each

13   defendant, state every fact that supports, negates, or relates to your allegation that false

14   information was provided to the prosecutor to ensure prosecution, identifying each person and

15   document that you believe has information that assists in establishing each such fact.

16       **ANSWER:**  See responses to Interrogatories 1-8 as to Sgt,. Martin.  In addition,

17   by writing, signing off on and sending false reports as to activities that Plaintiff had not

18   engaged in, Sgt. Martin caused Plaintiff TOMPKINS to be prosecuted, despite his

19   having committed no crime, terminated many moths later when the court dismissed

20   the case for lack of probable cause based on the illegality of the Officers' conduct.

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests           20
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    20.    In Paragraph 2.24 (page 13, ll. 1-2) of the Complaint, you state that "These actions were

2    ratified by supervising Defendants MARTIN, HAYES, and TOWNES."  State every fact that

3    supports, negates, or relates to this allegation as it relates to Sgt. Martin's actions with respect

4    to Plaintiff TOMPKINS, identifying each person and document that you believe has

5    information that assists in establishing each such fact.

6    **ANSWER:** Plaintiff answers as follows: Defendant Martin advised Defendant

7    Hyra to proceed in accosting Plaintiffs without cause or justification, simply because of

8    their perceived political ideology and affiliations.  He and Defendant Towne directed

9    Hyra, Bale, and the other named Defendant Officers in carrying out their illegal and

10   tortious conduct, and then lied about his observations and signed off on statements

11   that he knew to be false as to the supposed conduct of Plaintiffs, directly leading the

12   to harm that occurred to Plaintiffs; in addition, Martin then signed off on the reports,

13   knowing they were false, and made the decision to hold Plaintiff TOMPKINS, despite

14   the fact that there was no lawful activity by Hyra and the other defendants to obstruct,

15   and forward that charge to the prosecutor, knowing that Plaintiff TOMPKINS had not

16   interfered with any lawful actions by Defendant Hyra or anyone else.  Thus Plaintiff

17   TOMPKINS was held at the police station and the jail, without his rights being

18   respected or followed.

19   Defendant Martin participated in the arrest of Plaintiff TOMPKINS knowing that

20   Plaintiff TOMPKINS had not interfered with any lawful actions by Defendant Hyra or

21   anyone else.  Plaintiffs were singled out for discriminatory law enforcement, not based

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          21
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1   on any criminal activity, which they committed none of, but based on their perceived

2   political views and affiliations, violating their First Amendment Rights to Freedom of

3   Speech and Association.

4            This constituted an act by Defendants to inflict punishment on Plaintiffs without

5   benefit of a trial, or any adjudication, despite clear knowledge that Plaintiff had

6   violated no law.  Because of the extremity of Defendants' actions and the lack of

7   wrong-doing on the part of Plaintiffs, Martin's activity and that of the other Defendants

8   constitutes cruel and unusual punishment.

9            See police reports and dismissal order by Judge Hightower.

10

11   <u>21.State all claims asserted by Plaintiff  TOMPKINS against Sgt. Martin, and, as to</u>

12   <u>each, set forth each and every fact that supports, negates, or relates to such claim.</u>

13            **ANSWER:**  SEE RESPONSES TO INTERROGATPRIES 1-20.  Violation of

14   Constitutional Rights under color of authority and all common law torts alleged.

15

16   22.      Below you will find requests for production.  For each document that is responsive to

17   the requests for production which you either produced in redacted form or did not produce at

18   all, identify the document and the basis for the redaction or failure to produce it.

19            **ANSWER:**  Plaintiff will produce all relevant documents.

20                          **VI.  <u>REQUESTS FOR PRODUCTION</u>**

21   1.       Produce any document identified in any of the answers to the preceding interrogatories.

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

22

1    **RESPONSE:  PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

2    2.      Produce a copy of any document you reviewed in answering any of the preceding

3    interrogatories and/or preceding or subsequent requests for production irrespective of whether

4    you obtained any part of your answer or response from that document.

5    **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

6    3.      Produce all documents that you contend support, or lend support to, any of your

7    responses to the above interrogatories.

8    **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

9    4.      Produce all documents that you contend support, negate, or relate to the claims asserted

10   by Plaintiff TOMPKINS against Sgt. Martin.

11   **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

12                                **VERIFICATION**

13   I, RYAN TOMPKINS, certify and declare under penalty of perjury under the laws of the State

14   of Washington and the United States that I am a Plaintiff in this action, and that I have read the

15   answers to the foregoing interrogatories and requests for production and the answers thereto,

16   know the contents thereof, and believe all the answers to be true.

17        SIGNED at _____, _____, on this _____ day of

18   _____, 2009.

19
20                                   _____
21                                   RYAN TOMPKINS
22

23

**<u>DUNN V. HYRA</u>**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests       23
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1
2
### ATTORNEY'S CR 26 CERTIFICATION

3       The undersigned attorney certifies, pursuant to Civil Rule 26(g), that he has read each
4   response and objection to these discovery requests, and that, to the best of his knowledge,
5   information, and belief formed after a reasonable inquiry, each is:  (1) consistent with the
6   Federal Rules of Civil Procedure and warranted by existing law or a good-faith argument for
7   the extension, modification, or reversal of existing law; (2) not interposed for any improper
8   purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of
9   litigation; and (3) not unreasonably or unduly burdensome or expensive, given the needs of the
10  case, the discovery already had in the case, the amount in controversy, and the importance of
11  the issues at stake in the litigation.
12
13      RESPONSES dated this 12th day of _____May_____, 2009 at __Bellingham__,

14  Washington.

15
16
17
18  _____
19  Lawrence A. Hildes, WSBA #35035
20  Attorney for Plaintiffs
21
22

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests          24
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1
2
3        **PROOF OF SERVICE**
4
5    Lawrence A. Hildes certifies as follows:
6
7    I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

8    My business address is P.O. Box 5405, Bellingham, WA 98227

9    On April 6, 2009, I served the following documents(s) described as follows
10
11   PLAINTIFF'S RESPONSES TO SET ONE OF RFAs from All Defendants
12   on the following persons(s) in this action at the following addresses:

13   HEATHER CARR
14   STAFFORD FRYE COOPER
15   601 Union Street, Suite 3100
16   Seattle WA 98101.1374
17
18   [x ] (BY FIRST CLASS MAIL) by placing a true copy of the above documents in a sealed
19   envelope with postage fully prepaid in the mail at Bellingham, WA, addressed to the person(s)
20   above at the above address
21
22   [ ] By electronically serving, by filing an electronic copy with the court in such a way that
23   notice will be sent to counsel for Defendant
24
25   [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this
26   court, and that the above information is true and correct.
27
28   Executed on May 12, 2009, at Bellingham, Washington.
29
30
31        ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
32
33   LAWRENCE A. HILDES
34

**DUNN V. HYRA**-PLAINTIFF RYAN TOMPKINS's responses to SET ONE OF Discovery requests
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

25

# EXHIBIT 7

1

2          THE HONORABLE JAMES L. ROBART

3

4                                        RECEIVED

5

6                                     MAY 2 8 2009

7

8                                STAFFORD FREY COOPER

9

10

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE WESTERN DISTRICT OF WASHINGTON

13

14  BRENDAN DUNN,  JACOB ERWIN,      ) NO. 2:08-cv-00978JLR
15  and RYAN TOMPKINS,               ) PLAINTIFF BRENDAN DUNN'S
16                                   ) RESPONSES TO SET ONE OF
17                  Plaintiffs,      ) DISCOVERY REQUESTS FROM
18                                   ) DEFENDANT TOWNE
19  v.                               )
20                                   )
21  MATTHEW HYRA, CITY OF            )
22  SEATTLE (SPD), et al.,           )
23                                   )
24                  Defendants.      )
25  _____ )
26

27      PROPOUNDING PARTY: DEFENDANT TOWNE

28       RESPONDING PARTY: PLAINTIFF BRENDAN DUNN

29      SET NO.: 1

30

31      **COMES NOW** PLAINTIFF BRENDAN DUNN, IN THE ABOVE-NAMED

32  ACTION, THROUGH HIS ATTORNEY LAWRENCE A. HILDES, AND, RESPONDS

33  TO DEFENDANT TOWNE'S SET ONE OF DISCOVERY REQUESTS AS FOLLOWS:

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant        1
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    Plaintiffs object to the extent that Defendants have exceeded the limits for this

2    type of discovery, or have used subparts and definitions to facilitate exceeding the

3    limits by propounding the extreme number of 84 Requests for Admissions of this

4    Plaintiff and even far more extreme numbers as to the other Plaintiffs and by piling

5    massive and ridiculous numbers of sets of discovery requests and requests within

6    those sets in order to render it impossible for Plaintiffs to fully respond .

7    Plaintiffs object to Defendants' use of discovery to vex, annoy, and abuse the

8    legal process rather than for legitimate discovery purposes.  Here, Defendants ask

9    questions where the answers are either already contained in the document or require

10   legal conclusions that themselves require advanced legal training.  In many of these

11   sets, Defendants have propounded interrogatories that included extensive subparts,

12   totaling over the limit for interrogatories.

13   Finally, Plaintiffs object to counsel for Defendants deliberate propounding of

14   these discovery requests while counsel for Plaintiffs was on vacation and during a

15   period that counsel had filed a notice of unavailability for and then refusing to agree to

16   an extension of time specifically to respond to these RFAs despite direct knowledge

17   that counsel for Plaintiffs was away for several days of the period involved.

18   Discovery is ongoing, and Plaintiffs reserve the right to correct, amend,

19   supplement or change their answers to this set of discovery as further information is

20   revealed during the course of discovery.

21

22

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant    2
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1
2
## RESPONSES TO DISCOVERY REQUESTS
## SET ONE OF DISCOVERY REQUESTS

3
## INTERROGATORIES

4   1.      Identify every person who participated in answering any of these interrogatories and/or

5   requests for production, designating the interrogatory(ies) and/or request(s) for production in

6   which he or she participated in answering.

7   **ANSWER:** My attorney, Lawrence A. Hildes.

8   2.      State every fact that supports, negates, or relates to your allegations in Paragraph 4.10 of

9   the Complaint that Lieutenant Towne ratified and approved [the] inappropriate, illegal, and

10  tortious conduct and intentional acts of Defendants Hyra, Bales, Roberson, Skommesa, Avery,

11  Greeley, and Martin to deprive Plaintiff Dunn of his rights, identifying each person and

12  document that you believe has information that assists in establishing each such fact..

13      **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 7

14  interrogatories, which combined with the other interrogatories far exceeds the limit as

15  to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

16  answers as follows: Defendant Hyra spoke with Defendants Towne and Martin, who

17  specifically approved his course of illegal conduct.  They then observed the illegal

18  conduct by the Officers listed in the interrogatory.  In addition, TOWNE then signed off

19  on the reports, knowing they were false, and made the decision to hold Plaintiff Dunn

20  on a felony assault charge and forward that charge to the prosecutor, knowing that

21  Plaintiff Dunn had not assaulted Hyra or anyone else.  Thus Plaintiff Dunn was held at

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant Towne                                                                                                3
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1   the police station and the jail, without his rights being respected or followed.  See the

2   reports and Defendant Hyra's answers to interrogatories

3   3.      State every fact that supports, negates, or relates to your allegations in Paragraph 4.10 of

4   the Complaint that Lieutenant Towne failed to properly supervise, train, and discipline

5   Defendants Hyra, Bales, Roberson, Skommesa, Avery, and Greeley as the alleged failure relates

6   to Plaintiff Dunn, identifying each person and document that you believe has information that

7   assists in establishing each such fact.

8          **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 7

9   interrogatories, which combined with the other interrogatories far exceeds the limit as

10  to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

11  answers as follows: Defendant Hyra spoke with Defendants Towne and Martin, who

12  specifically approved his course of illegal conduct.  They then observed the illegal

13  conduct by the Officers listed in the interrogatory.  In addition, TOWNE then signed off

14  on the reports, knowing they were false, and made the decision to hold Plaintiff Dunn

15  on a felony assault charge and forward that charge to the prosecutor, knowing that

16  Plaintiff Dunn had not assaulted Hyra or anyone else.  Thus Plaintiff Dunn was held at

17  the police station and the jail, without his rights being respected or followed.  See the

18  reports and Defendant Hyra's answers to interrogatories.  All of this constitutes failure

19  to properly supervise.  In addition, by approving and ratifying the conduct, Defendant

20  Towne trained Defendants to engage in specifically Constitutionally violative conduct.

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant    4
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    In addition, there is no evidence that any of the Defendants were ever investigated or

2    disciplined for any aspect of this incident.

3

4    4.         In Paragraph 2.24 (page 13, ll. 1-2) of the Complaint, you state These actions

5    were ratified by supervising Defendants MARTIN, HAYES, and TOWNES.  State every fact

6    that supports, negates, or relates to this allegation as it relates to Lt. Townes actions with

7    respect to Plaintiff Dunn, identifying each person and document that you believe has

8    information that assists in establishing each such fact.

9         ANSWER: See response to interrogatory 3 above..

10   5.         **State all claims asserted by Plaintiff Dunn against Lt. Towne, and, as to**

11   **each, set forth each and every fact that supports, negates, or relates to such claim.**

12        ANSWER: Plaintiff answers as follows: Defendant TOWNE approved Hyra's

13   course of conduct as his supervisor in advance, leading directly to all of the harm

14   involved.  In addition, TOWNE then signed off on the reports, knowing they were false,

15   and made the decision to hold Plaintiff Dunn on a felony assault charge and forward

16   that charge to the prosecutor, knowing that Plaintiff Dunn had not assaulted Hyra or

17   anyone else.  Thus Plaintiff Dunn was held at the police station and the jail, without his

18   rights being respected or followed.  Defendant Dunn acted to legitimize and signed off

19   on Hyra's wrongful seizure of Plaintiff Dunn's flag, unjustified by law, and then the

20   unlawful arrest of Dunn, which he lied about.  In addition, Defendant Towne continued

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant        5
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    to supervise Defendants' actions in relation to this incident, subsequent to Plaintiffs'

2    arrests. Therefore, Defendant Towne is liable for the Civil Rights Violations, as well as

3    all of the Torts, since they directly resulted from his supervision.  See Plaintiff's claims,

4    Defendants reports, and discovery responses of Hyra.

5

6            6.       Below you will find requests for production.  For each document that is

7    responsive to the requests for production which you either produced in redacted form or did not

8    produce at all, identify the document and the basis for the redaction or failure to produce it.

9            **ANSWER:** In addition to the above documents, see the letter from the attorney for the

10   Seattle Police Department to counsel for Plaintiff's re: the alert code on Plaintiff Dunn.

11                          **VI.  REQUESTS FOR PRODUCTION**

12   1.      Produce any document identified in any of the answers to the preceding interrogatories.

13   **RESPONSE:  PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

14   2.      Produce a copy of any document you reviewed in answering any of the preceding

15   interrogatories and/or preceding or subsequent requests for production irrespective of whether

16   you obtained any part of your answer or response from that document.

17   **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

18   3.      Produce all documents that you contend support, or lend support to, any of your

19   responses to the above interrogatories.

20   **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant                6
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    4.      Produce all documents that you contend support, negate, or relate to the claims asserted

2    by Plaintiff Dunn against LT. Towne.

3    **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

4

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

7

1

## VERIFICATION TO FOLLOW

2

3   I, Brendan Dunn, certify and declare under penalty of perjury under the laws of the State of

4   Washington and the United States that I am a Plaintiff in this action, and that I have read the

5   answers to the foregoing interrogatories and requests for production and the answers thereto,

6   know the contents thereof, and believe all the answers to be true.

7       SIGNED at _____, _____, on this _____ day of

8   _____, 2009.

9
10                                          _____
11                                          Brendan Dunn
12
13                          ## ATTORNEY'S CR 26 CERTIFICATION
14
15       The undersigned attorney certifies, pursuant to Civil Rule 26(g), that he has read each
16   response and objection to these discovery requests, and that, to the best of his knowledge,
17   information, and belief formed after a reasonable inquiry, each is: (1) consistent with the
18   Federal Rules of Civil Procedure and warranted by existing law or a good-faith argument for
19   the extension, modification, or reversal of existing law; (2) not interposed for any improper
20   purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of
21   litigation; and (3) not unreasonably or unduly burdensome or expensive, given the needs of the
22   case, the discovery already had in the case, the amount in controversy, and the importance of
23   the issues at stake in the litigation.
24
25       RESPONSES dated this 26th day of May , 2009 at Bellingham ,

26   Washington.

27
28                                          _____
29                                          Lawrence A. Hildes, WSBA #35035
30                                          Attorney for Plaintiffs
31
32
33   **DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant         8
     Towne
     LAWRENCE A. HILDES (WSBA # 35035)
     P.O. Box 5405
     Bellingham, WA 98227
     Telephone: (360) 715-9788
     Fax: (360) 714-1791

     ATTORNEY FOR PLAINTIFFS

**PROOF OF SERVICE**

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On May 26, 2009, I served the following documents(s) described as follows

PLAINTIFF'S RESPONSES TO SET ONE OF DISCOVERY REQYESTS from Defendant TOWNE

on the following persons(s) in this action at the following addresses:

HEATHER CARR
STAFFORD FRYE COOPER
601 Union Street, Suite 3100
Seattle WA 98101.1374

[x ] (BY FIRST CLASS MAIL) by placing a true copy of the above documents in a sealed envelope with postage fully prepaid in the mail at Bellingham, WA, addressed to the person(s) above at the above address

[  ] By electronically serving, by filing an electronic copy with the court in such a way that notice will be sent to counsel for Defendant

[X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court, and that the above information is true and correct.

Executed on May 26, 2009, at Bellingham, Washington.

_____
LAWRENCE A. HILDES

**DUNN V. HYRA**-PLAINTIFF Brendan Dunn's Responses to SET 1 of Discovery Requests from Defendant Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

9

# EXHIBIT 8

1

2                    THE HONORABLE JAMES L. ROBART

3

4                                                    RECEIVED

5

6                                              MAY 2 8 2009

7

8                                          STAFFORD FREY COOPER

9

10

11            **IN THE UNITED STATES DISTRICT COURT**

12        **FOR THE WESTERN DISTRICT OF WASHINGTON**

13

14   **BRENDAN DUNN,  JACOB ERWIN,**   ) **NO. 2:08-cv-00978JLR**

15   **and RYAN TOMPKINS,**            ) **PLAINTIFF JACOB ERWIN'S**

16                                     ) **RESPONSES TO SET ONE OF**

17              **Plaintiffs,**        ) **DISCOVERY REQUESTS FROM**

18                                     ) **DEFENDANT TOWNE**

19   **v.**                            )

20                                     )

21   **MATTHEW HYRA, CITY OF**         )

22   **SEATTLE (SPD), et al.,**        )

23                                     )

24              **Defendants.**        )

25   _____  )

26

27        PROPOUNDING PARTY: DEFENDANT TOWNE

28         RESPONDING PARTY: PLAINTIFF JACOB ERWIN

29        SET NO.: 1

30

31        **COMES NOW** PLAINTIFF JACOB ERWIN, IN THE ABOVE-NAMED ACTION,

32   THROUGH HIS ATTORNEY LAWRENCE A. HILDES, AND, RESPONDS TO

33   DEFENDANT TOWNE'S SET ONE OF DISCOVERY REQUESTS AS FOLLOWS:

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant          1
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    Plaintiffs object to the extent that Defendants have exceeded the limits for this

2    type of discovery, or have used subparts and definitions to facilitate exceeding the

3    limits by propounding the extreme number of 84 Requests for Admissions of this

4    Plaintiff and even far more extreme numbers as to the other Plaintiffs and by piling

5    massive and ridiculous numbers of sets of discovery requests and requests within

6    those sets in order to render it impossible for Plaintiffs to fully respond .

7    Plaintiffs object to Defendants' use of discovery to vex, annoy, and abuse the

8    legal process rather than for legitimate discovery purposes.  Here, Defendants ask

9    questions where the answers are either already contained in the document or require

10   legal conclusions that themselves require advanced legal training.  In many of these

11   sets, Defendants have propounded interrogatories that included extensive subparts,

12   totaling over the limit for interrogatories.

13   Finally, Plaintiffs object to counsel for Defendants deliberate propounding of

14   these discovery requests while counsel for Plaintiffs was on vacation and during a

15   period that counsel had filed a notice of unavailability for and then refusing to agree to

16   an extension of time specifically to respond to these RFAs despite direct knowledge

17   that counsel for Plaintiffs was away for several days of the period involved.

18   Discovery is ongoing, and Plaintiffs reserve the right to correct, amend,

19   supplement or change their answers to this set of discovery as further information is

20   revealed during the course of discovery.

21

22

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

2

1
2
### RESPONSES TO DISCOVERY REQUESTS
### SET ONE OF DISCOVERY REQUESTS

3
### INTERROGATORIES

4   1.      Identify every person who participated in answering any of these interrogatories and/or

5   requests for production, designating the interrogatory(ies) and/or request(s) for production in

6   which he or she participated in answering.

7   **ANSWER:** My attorney, Lawrence A. Hildes.

8   2.      State every fact that supports, negates, or relates to your allegations in Paragraph 4.10 of

9   the Complaint that Lieutenant Towne ratified and approved [the] inappropriate, illegal, and

10  tortious conduct and intentional acts of Defendants Hyra, Bales, Roberson, Skommesa, Avery,

11  Greeley, and Martin to deprive Plaintiff ERWIN of his rights, identifying each person and

12  document that you believe has information that assists in establishing each such fact..

13          **ANSWER:**  PLAINTIFF objects to this interrogatory as actually constituting 7

14  interrogatories, which combined with the other interrogatories far exceeds the limit as

15  to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

16  answers as follows: Defendant Hyra spoke with Defendants Towne and Martin, who

17  specifically approved his course of illegal conduct.  They then observed the illegal

18  conduct by the Officers listed in the interrogatory.  In addition, TOWNE then signed off

19  on the reports, knowing they were false, and made the decision to hold Plaintiff

20  ERWIN on a felony assault charge and forward that charge to the prosecutor, knowing

21  that Plaintiff ERWIN had not assaulted Hyra or anyone else.  Thus Plaintiff ERWIN

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant Towne   3
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    was held at the police station and the jail, without his rights being respected or

2    followed.  See the reports and Defendant Hyra's answers to interrogatories

3    3.    State every fact that supports, negates, or relates to your allegations in Paragraph 4.10 of

4    the Complaint that Lieutenant Towne failed to properly supervise, train, and discipline

5    Defendants Hyra, Bales, Roberson, Skommesa, Avery, and Greeley as the alleged failure relates

6    to Plaintiff ERWIN, identifying each person and document that you believe has information

7    that assists in establishing each such fact.

8          **ANSWER:** PLAINTIFF objects to this interrogatory as actually constituting 7

9    interrogatories, which combined with the other interrogatories far exceeds the limit as

10   to interrogatories.  Plaintiff will, therefore, answer as to this Defendant alone.  Plaintiff

11   answers as follows: Defendant Hyra spoke with Defendants Towne and Martin, who

12   specifically approved his course of illegal conduct.  They then observed the illegal

13   conduct by the Officers listed in the interrogatory.  In addition, TOWNE then signed off

14   on the reports, knowing they were false, and made the decision to hold Plaintiff

15   ERWIN on a felony assault charge and forward that charge to the prosecutor, knowing

16   that Plaintiff ERWIN had not assaulted Hyra or anyone else.  Thus Plaintiff ERWIN

17   was held at the police station and the jail, without his rights being respected or

18   followed.  See the reports and Defendant Hyra's answers to interrogatories.  All of this

19   constitutes failure to properly supervise.  In addition, by approving and ratifying the

20   conduct, Defendant Towne trained Defendants to engage in specifically

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

4

1    Constitutionally violative conduct.  In addition, there is no evidence that any of the

2    Defendants were ever investigated or disciplined for any aspect of this incident.

3

4    4.           In Paragraph 2.24 (page 13, ll. 1-2) of the Complaint, you state These actions

5    were ratified by supervising Defendants MARTIN, HAYES, and TOWNES.  State every fact

6    that supports, negates, or relates to this allegation as it relates to Lt. Townes actions with

7    respect to Plaintiff ERWIN, identifying each person and document that you believe has

8    information that assists in establishing each such fact.

9           **ANSWER:** See response to interrogatory 3 above..

10           5.           **State all claims asserted by Plaintiff ERWIN against Lt. Towne, and, as to**

11    **each, set forth each and every fact that supports, negates, or relates to such claim.**

12           **ANSWER:** Plaintiff answers as follows: Defendant TOWNE approved Hyra's

13    course of conduct as his supervisor in advance, leading directly to all of the harm

14    involved.  In addition, TOWNE then signed off on the reports, knowing they were false,

15    and made the decision to hold Plaintiff ERWIN on an obstruction charge and forward

16    that charge to the prosecutor, knowing that Plaintiff ERWIN had not obstructed Hyra

17    or anyone else.  Thus Plaintiff ERWIN was held at the police station and the jail,

18    without his rights being respected or followed.  Defendant Towne acted to legitimize

19    and signed off on Hyra's wrongful seizure of Plaintiff Dunn's flag, unjustified by law,

20    and then the unlawful arrest of ERWIN, which he lied about.  In addition, Defendant

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant      5
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    Towne continued to supervise Defendants' actions in relation to this incident,

2    subsequent to Plaintiffs' arrests. Therefore, Defendant Towne is liable for the Civil

3    Rights Violations, as well as all of the Torts, since they directly resulted from his

4    supervision.  See Plaintiff's claims, Defendants reports, and discovery responses of

5    Hyra.

6

7         6.      Below you will find requests for production.  For each document that is

8    responsive to the requests for production which you either produced in redacted form or did not

9    produce at all, identify the document and the basis for the redaction or failure to produce it.

10        **ANSWER:** In addition to the above documents, see the letter from the attorney for the

11   Seattle Police Department to counsel for Plaintiff's re: the alert code on Plaintiff Dunn.

12                          **VI.  <u>REQUESTS FOR PRODUCTION</u>**

13   1.      Produce any document identified in any of the answers to the preceding interrogatories.

14   **RESPONSE:  PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

15   2.      Produce a copy of any document you reviewed in answering any of the preceding

16   interrogatories and/or preceding or subsequent requests for production irrespective of whether

17   you obtained any part of your answer or response from that document.

18   **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

19   3.      Produce all documents that you contend support, or lend support to, any of your

20   responses to the above interrogatories.

21   **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

<u>DUNN V. HYRA</u>-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant       6
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1    4.      Produce all documents that you contend support, negate, or relate to the claims asserted

2    by Plaintiff ERWIN against LT. Towne.

3    **RESPONSE: PLAINTIFF WILL PRODUCE ALL SUCH DOCUMENTS**

4

**DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant    7
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS

1
2
3

## **VERIFICATION TO FOLLOW**

I, JACOB ERWIN, certify and declare under penalty of perjury under the laws of the State of

4   Washington and the United States that I am a Plaintiff in this action, and that I have read the

5   answers to the foregoing interrogatories and requests for production and the answers thereto,

6   know the contents thereof, and believe all the answers to be true.

7       SIGNED at _____, _____, on this _____ day of

8   _____, 2009.

9
10
11                              _____
                                JACOB ERWIN
12
13                       **ATTORNEY'S CR 26 CERTIFICATION**
14
15       The undersigned attorney certifies, pursuant to Civil Rule 26(g), that he has read each
16   response and objection to these discovery requests, and that, to the best of his knowledge,
17   information, and belief formed after a reasonable inquiry, each is:  (1) consistent with the
18   Federal Rules of Civil Procedure and warranted by existing law or a good-faith argument for
19   the extension, modification, or reversal of existing law; (2) not interposed for any improper
20   purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of
21   litigation; and (3) not unreasonably or unduly burdensome or expensive, given the needs of the
22   case, the discovery already had in the case, the amount in controversy, and the importance of
23   the issues at stake in the litigation.
24
25       RESPONSES dated this _____ day of _____, 2009 at _____, _____,

26   Washington.

27
28                              _____
29                              Lawrence A. Hildes, WSBA #35035
30                              Attorney for Plaintiffs

31
32
33   **DUNN V. HYRA**-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant        8
     Towne
     LAWRENCE A. HILDES (WSBA # 35035)
     P.O. Box 5405
     Bellingham, WA 98227
     Telephone: (360) 715-9788
     Fax: (360) 714-1791

     ATTORNEY FOR PLAINTIFFS

1

**PROOF OF SERVICE**

2

3   Lawrence A. Hildes certifies as follows:

4

5   I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

6   My business address is P.O. Box 5405, Bellingham, WA 98227

7   On May 26, 2009, I served the following documents(s) described as follows

8

9   PLAINTIFF'S RESPONSES TO SET ONE OF DISCOVERY REQUESTSs from Defendant
10   TOWNE
11   on the following persons(s) in this action at the following addresses:

12   HEATHER CARR
13   STAFFORD FRYE COOPER
14   601 Union Street, Suite 3100
15   Seattle WA 98101.1374
16

17   [x ] (BY FIRST CLASS MAIL) by placing a true copy of the above documents in a sealed
18   envelope with postage fully prepaid in the mail at Bellingham, WA, addressed to the person(s)
19   above at the above address
20

21   [ ] By electronically serving, by filing an electronic copy with the court in such a way that
22   notice will be sent to counsel for Defendant
23

24   [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this
25   court, and that the above information is true and correct.
26

27   Executed on May 26, 2009, at Bellingham, Washington.
28

29

30   _____
31

32   LAWRENCE A. HILDES
33

DUNN V. HYRA-PLAINTIFF JACOB ERWIN's Responses to SET 1 of Discovery Requests from Defendant          9
Towne
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
Fax: (360) 714-1791

ATTORNEY FOR PLAINTIFFS